[Cite as *Rogers v. Rogers*, 2012-Ohio-6173.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| MARY C. ROGERS, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2012-02-027 |
| | : | O P I N I O N |
| - vs - | | 12/28/2012 |
| | : | |
| GARY M. ROGERS, | : | |
| Defendant-Appellant. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR97-02-0181


Gina Prall, Myron Wolf, 120 North Second Street, Hamilton, Ohio 45012, for plaintiff-appellee

Gary M. Rogers, 4972 Ivy Court, Hamilton, Ohio 45011, defendant-appellant, pro se

. . . . . . . . . . . .

**HALL, J.**

{¶ 1}   Gary M. Rogers appeals from the trial court's January 11, 2012 judgment entry designating him the residential parent and legal custodian of the parties' minor children and overruling 25 pro se motions that he filed.

{¶ 2}   Rogers advances two assignments of error in his pro se appeal. First, he contends the trial court erred by overruling his "motion."  Second, he claims the trial court erred by denying his "final judgment entry."  For her part, the appellee has not filed a brief.

{¶ 3}  Rogers' first assignment of error relies exclusively on App.R. 26, which has no applicability as it governs motions filed in a court of appeals, not in the trial court.  Moreover, the first assignment of error is devoid of cogent argument.  One sentence states: "By overruling the Motions before Court without any discussion or without all the facts for him to make a decision or case law."  A second sentence reads: "The Court's failure to sufficiently not consider arguments on each motion it should have considered."  Beyond these two sentences, Rogers' appellate brief contains nothing but citations to App.R. 26 and to case law that is not relevant to this appeal.

{¶ 4}  This court is not obligated to review each of the 25 pro se motions the trial court overruled in search of appealable issues.  Absent any cogent argument from Rogers with supporting citations to the record or relevant case law, we overrule his first assignment of error.

{¶ 5}  The second assignment of error is equally unpersuasive.  Rogers appears to complain about the trial court's failure to accept a proposed judgment entry from him.  His unedited argument is as follows:

> Pro-Se had prepared the entry & presented it to case management for approval on 12-5-11 and was put in order to be looked at.  On 12-6-11 case management again needed corrections.  Court refused to look at pro-se corrected copy of Final Judgment Entry in court 12-6-11 @ 11am.  And Court asked had Plaintiff's counsel prepare entry & plaintiffs & asked to have whom access cost to regarding preparing. In so ruling trial court violated its own local Rule 7 section (A) the judgment entry specified in Civil Rule 58 shall be filed and journalized within thirty days of verdict, decree, or decision.  If entry is not prepared and presented by counsel, it shall be prepared and filed by the COURT.  (1st) to be prepared by COURT, (2nd) pro-se never was ordered to prepare. (3rd)prepared for Court & not accepted by Court, (4th) plaintiff's counsel & judge had a private side bar discussion before Court started, evidence by court acknowledging gave copy to Myron Wolf whom wasn't even in court 12-6-11.

Issue Number Two

In so ruling, the trial court violated its own local rules, the trial court's dismissal of the motions on this procedural ground was erroneous and should be overturned.

(Appellant's brief at 6-7).

{¶ 6} Having reviewed the record, we are unsure about the nature of Rogers' complaint on appeal. Although we are not certain, he appears to believe the trial court erred in rejecting a proposed pro se judgment entry from him. In any event, Rogers has failed to demonstrate any reversible error. On January 11, 2012, the trial court filed a final judgment entry that disposed of the issues before it. The entry appears to be regular on its face, and it bears the judge's signature. We see nothing about the form of the entry itself that would support a reversal of the trial court's judgment. Accordingly, the second assignment of error is overruled.

{¶ 7} The judgment of the Butler County Domestic Relations Court is affirmed.


GRADY and DONOVAN, JJ., concur.


Judges Thomas J. Grady, Mary E. Donovan, and Michael T. Hall, from the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio pursuant to Section 5(A)(3) Article IV of the Ohio Constitution.